### DELANCY vs. BEALE & AL.

Whenever an onerous contract is sought to be enforced by a natural child beyond what the law authorizes the parent to grant, and contrary to the interest of legitimate descendants, the presumption arises that it was made for the purpose of disguising an illegal donation— and the *onus probandi* is on the plaintiff to establish the genuineness of the contract.

APPEAL from the court of the first district.

On the 1st of January 1820, Thomas Beale, sen. made his promissory note to the order of his natural son Thomas Beale, jun. for $5000

Eastern District.
*June,* 1830.

THIBAUD
*vs.*
THIBAUD'S
HEIRS.

Thomas Beale, sen. and Thomas Beale, jun. being both dead, the mother of the latter brought this suit against the widow and minor children of the former, to recover the amount of the note. The defence set up was, that the note was a disguised donation from the father to his natural son. There was judgment for the plaintiff in the court below and the defendants appealed.

*Seghers*, for appellant.

1. It is in evidence that Thomas Beale, jun. in whose favor the note sued on was drawn by Thomas Beale, sen. was the natural son of the drawer. It appears from the testimony that Beale, sen. had legitimate children, the present defendants.

The presumption therefore is, that this was a disguised donation from the father to his natural son, which is declared null and void by art. 17, page 218, Old C. C. It is presumed to have been intended to elude the prohibition pronounced by art. 12 p. 210, of the same code. This point was pleaded in the answer and the consideration of the note expressly denied—under these circumstances it was incumbent on the plaintiffs to prove the consideration, and the judge *a quo* erred in considering the

note *prima facie* evidence thereof, and in throwing on the defendants the *onus probandi* that no consideration had been received for the note.

*McCaleb,* contra.

1. The note sued on is in the usual form of a commercial transaction   It is a contract in writing acknowledging value received and by the law regulating such contracts is presumed to be for the consideration expressed.

2   Natural children. or acknowledged bastards cannot receive from their natural parents by *donation, &c.* art. 12, p. 210, old code.— This article surely does not forbid a natural father to *contract* with his natural son—if this were a donation, the law would be good; but it is an onerous contract and therefor not governed by the law cited.   The next law quoted is art. 17 p. 212 O. C. C. which says 'Every disposition in favour of a person incapable of receiving shall be null whether it be disguised under the form of an onerous contract or be made under the name of persons interposed.'   This is true, but the appellants, must show that the note sued on (which is presumed good by the law merchant) is a disguised disposition in favor of Beale, jr.

3. No law has been cited to show that a natural father cannot contract by note to a son, without showing the consideration.

4. It is not shown but what the father was able to give his legitimate children all that they could require by law. Old Civil Code, p. 212, art. 19.

MATHEWS, J. delivered the opinion of the court. This suit is brought to recover from the succession of Thomas Beal, sen. the amount of a promissory note, made payable by him to his natural son, Thomas Beal, jun. who was also the natural child of the plaintiff Delancy, who claims as his heir. The court below gave judgment against the defendants from which they appealed.

The note was made in New-Orleans, on the first day of January, 1820, for five thousand dollars, payable two years after date, with interest at the rate of six per cent. per annum. Its execution is admitted, but the defendants contend that it is void for want of consideration, as being intended to cover a donation from the father to his natural son, contrary to the laws of this state, as in force at the time of the contract; the promisor then having legiti-

mate descendants, a fact now admitted, and that they are still in existence.

According to the former *Civil Code*, from which the rules applicable to the present case must be derived, natural children or acknowledged bastards, cannot receive from the natural parents, by donation *inter vivos* or *mortis causa* beyond what is strictly necessary to procure them sustenance, or an occupation or profession, which may maintain them, whenever the father or the mother who has thus disposed in their favor, have legitimate children or descendants. *Old Code, p.* 210, *art.* 12 : *art.* 17 found at *p.* 212, declares every disposition in favor of a person incapable of receiving, shall be null, whether it be disguised under the form of an onerous contract, or be made in the name of persons interposed.

In interpreting these provisions of law, in order that they may have the effect intended by the legislature, whenever an onerous contract is sought to be enforced by a natural child beyond what the law authorises the parent to grant, and contrary to the interest of legitimate descendants, such contract ought to be received with suspicion, and the presumption fairly arises that it was made for the

Whenever an onerous contract is sought to be enforced by a natural child beyond what the law authorizes the parent to grant, and contrary to the interest of legitimate descend-ants, the pre-

Eastern District. purpose of disguising an illegal donation.
*June*, 1830.

DELANCY
*vs.*
BEALE & AL.

sumption arises
that it was made
for the purpose
of disguising an
illegal donation
—and the *onus*
*probandi* is on
the plaintiff to
establish the gen-
uineness of the
contract.

This presumption once admitted, throws the burthen of proof on the plaintiff to establish the genuineness of the contract. No evidence to this effect has been adduced in the present case. We are of opinion that the district court erred in rendering judgment for the plaintiffs and appellees.

It is therefore ordered, adjudged and decreed, that the said judgment be avoided, reversed and annulled: and it is further ordered, adjudged and decreed, that judgment be here rendered in favor of the defendants and appellants, with costs in both courts.